```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:18-00222-02

BREE EBERBAUGH


### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's letter form motion for compassionate release.  (ECF No. 130.)  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), defendant requests compassionate release due to her "underlying medical conditions and [her] high risk of susceptibility to contracting COVID-19 as a result."  Id. Defendant maintains that she suffers from hypertension, asthma, and obesity.  See id.  In support of her motion, defendant filed a number of medical records.  See ECF No. 136.  The government has filed a response in opposition to defendant's motion.  See ECF No. 137.

I.

On March 1, 2019, Eberbaugh pled guilty to a one-count indictment charging her with possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1).  On July 1, 2019, Eberbaugh was sentenced to a term of imprisonment of 54 months to be followed  by a term of supervised release of three years.  On July 31, 2019, defendant reported to FPC Alderson in

Alderson, West Virginia, to begin serving her sentence. She is currently housed at FPC Alderson and, according to the Bureau of Prisons' website, her current projected release date is April 23, 2023.

According to defendant, on May 18, 2020, she submitted a written request for compassionate release to the attention of the Warden at FPC Alderson.[1] On May 22, 2020, Eberbaugh's request for compassionate release was denied.

II.

**A.   Exhaustion**

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may reduce a term of imprisonment previously imposed if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The First Step Act empowers criminal defendants to request that courts grant them compassionate release pursuant to 18 U.S.C § 3582(c). But before they make such requests to the court, defendants must first ask BOP via the administrative process and give BOP thirty days to respond. See id. § 3582(c)(1)(A). Upon

---

[1] Defendant did not provide a copy of either the letter she sent to the Warden or the Warden's response. The court has assumed the veracity of defendant's assertions regarding the timing of her request for purposes of resolving this motion.

such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment." Id. § 3582(c)(1)(A)(I). The government argues that Eberbaugh has not exhausted her administrative remedies.

The statute, in pertinent part, provides that a court "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment". 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Here, the BOP denied defendant's request, but defendant has not shown that she has fully exhausted all administrative remedies to appeal the denial of her request. However, thirty days have passed since defendant filed her request with the warden. In situations where the warden has denied a request within 30 days, some courts have required full exhaustion of the administrative remedy process before considering a motion for compassionate release under 18 U.S.C. § 3582. See, e.g., United

3

States v. Soliz, Case No. 1:16CR00028-001, 2020 WL 2487563, at *2 (W.D. Va. May 14, 2020) ("[W]hen a warden denies an inmate's request within 30 days, the inmate needs 'to exhaust his administrative remedies to appeal the warden's denial before filing.'") (quoting United States v. Brummett, No. 6:07-103-DCR, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020), and citing other district court cases).

However, the majority of district courts, as well as the only appellate courts to have considered this issue, have ruled that prisoners who seek compassionate release under Section 3582 are not required to fully exhaust all administrative remedies available to them, so long as 30 days have passed from the warden's receipt of the request. See, e.g., United States v. Alam, 960 F.3d 831, 834-36 (6th Cir. 2020) ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them. . . . [P]risoners can pursue administrative review.  If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court."); United States v. Harris, 812 F. App'x 106, 107 (3d Cir. 2020); ("The Government argued, and the District Court agreed, that because the Warden denied Harris's request within thirty days, he was required to completely exhaust

4

the administrative remedy process.  However, the statute states that the defendant may file the motion thirty days after the warden receives his request."); United States v. Carter, CRIMINAL ACTION NO. 2:19-cr-00078, 2020 WL 3458598, at *2 (S.D.W. Va. June 25, 2020) (Goodwin, J.) ("The language of the statute is clear. There are two ways for a defendant to petition the court for compassionate release.  And those two options are alternatives, as evidenced by the statute's decree that a court may reduce a term of imprisonment upon the occurrence of option one 'or' option two 'whichever is earlier.'").

Section 3582 requires "exhaustion of all administrative rights . . . or the lapse of 30 days from the warden's receipt of the inmate's request for compassionate release, whichever is earlier."  United States v. Thompson, CRIMINAL ACTION NO. 2:18-cr-00105, 2020 WL 2121371, at *3 (S.D.W. Va. May 5, 2020) (Goodwin, J.) (citations omitted); see also United States v. Underwood, No. CR TDC-18-0201, 2020 WL 1820092, at *2 (D. Md. Apr. 10, 2020)("The Court agrees with other judges in this District and elsewhere that a prisoner must exhaust the administrative appeal process, or wait 30 days, before his claim may be considered.").  Unlike many other statutory exhaustion provisions that require exhaustion of all administrative remedies

before a claim can be brought in court, "Section 3582 provides an alternative." United States v. Wright, No. 17 CR 695, 2020 WL 1922371, at *2 (S.D.N.Y. Apr. 20, 2020);. "This alternative suggests that the Congress recognized that even if compassionate release requests cannot always await the full administrative process to be completed, the BOP should have at least 30 days to act on such a request." Id.; see also Carter, 2020 WL 3458598, at *2 ("[T]he 'lapse of 30 days' provision has nothing to do with whether the warden grants or denies the inmate's request for compassionate release, but simply sets the amount of days an inmate has to wait before petitioning the court").

This court agrees with the majority view. If thirty days have passed since the BOP has received a request, inmates are not required to fully exhaust administrative remedies before asking a court for compassionate release. This is true whether the BOP has denied the request or has simply not responded to it within the thirty-day window.

Here, Eberbaugh filed a written request for compassionate release with the BOP on May 18, 2020. The instant motion was filed over thirty days later, on June 22, 2020. Thus, defendant has satisfied the statute's exhaustion requirement.

**B.      Compassionate Release**

Congress has restricted the power of courts to modify a term of imprisonment once it has been imposed except when "extraordinary and compelling reasons warrant such a reduction" and when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Thus, to warrant compassionate release, defendant must show that:  (1) extraordinary and compelling reasons warrant a sentence reduction; (2) he is not a danger to the safety of others or the community; and (3) the reduction satisfies the sentencing factors in 18 U.S.C. § 3553(a).  See id.; see also USSG §§1B1.13(1)(A),(2).  It is worth emphasizing that compassionate release is "an extraordinary and rare event." United States v. Mangarella, 2020 WL 1291835, *2-3 (W.D.N.C. Mar. 16, 2020).

   **1.   Extraordinary and Compelling Reasons**

Other district courts, in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility.  See United States v. Brady, 2020 WL 2512100, at *3


(S.D.N.Y. May 15, 2020) (citing and gathering cases).  Thus, compassionate release motions amid the COVID-19 pandemic require a "fact-intensive" inquiry.  See United States v. Shakur, 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020).

Defendant is 28 years old and suffers from obesity, asthma, and hypertension.  According to the Centers for Disease Control and Prevention ("CDC"), persons with "certain underlying medical conditions are at an increased risk of severe illness from COVID-19."  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited August 12, 2020).  Obesity is listed as a condition that makes a person of any age at higher risk for serious illness from COVID-19.  Id.  Furthermore, individuals with moderate-to-severe asthma and hypertension "might be at an increased risk of severe illness from COVID-19."  Id.  The court will assume, for purposes of this motion, that defendant – due to her preexisting medical conditions - is at a higher risk of health problems resulting from COVID-19.

However, while defendant may have an increased risk of severe illness from COVID-19, defendant is not currently at risk of contracting COVID-19 at her place of incarceration because there are no active COVID-19 cases at FPC Alderson.  "[A]

generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release." United States v. Remy, CRIMINAL ACTION NO. 2:18-cr-00201, 2020 WL 3874165, at *2 (S.D.W. Va. Jul. 9, 2020) (denying motion for compassionate release because defendant has "not demonstrated that any cases of COVID-19 exist at FCP Alderson.") (Goodwin, J.); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); United States v. Buckman, CRIMINAL ACTION NO. 14-540-01, 2020 WL 4201509, at *4 (E.D. Pa. July 22, 2020) ("When prisons can keep the number of positive COVID-19 cases low or even at zero, which is the case at Alderson FPC, the risk of exposure is too speculative to render the circumstances extraordinary and compelling."); United States v. Feiling, Criminal No. 3:19cr112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (declining to find extraordinary and compelling circumstances where defendant, though having significant health problems, was incarcerated at a facility that had zero confirmed COVID-19 cases).

Defendant cannot show a particularized risk of contracting COVID-19, and the court therefore finds there are not "extraordinary and compelling reasons" present, within the meaning of 18 U.S.C. § 3582(c)(1)(A), to support a reduced sentence or early release.

**2. Section 3553(a) Sentencing Factors**

The court also concludes that the factors set forth in 18 U.S.C. § 3553(a) compel the denial of defendant's motion. These factors include (i) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (ii) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to adequately deter criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; (iv) the sentencing guidelines; and (v) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

Applying these factors to defendant, the court finds that granting defendant's motion for compassionate release would be inconsistent with the sentencing factors set forth in § 3553(a). Based on the seriousness of defendant's crime, and the need to promote respect for the law, to provide just punishment for the offense, to adequately deter criminal conduct, and to avoid unwanted sentencing disparities, the court sentenced defendant to 54 months of incarceration. Given these particular circumstances, the court finds it very significant that defendant has served less than a quarter of her sentence. Thus, the court finds that a sentence reduction of approximately 75 percent would be entirely inconsistent with the sentencing factors set forth in § 3553(a).

The vast majority of district courts have likewise declined to grant compassionate release motions where a defendant has served a small fraction of his or her sentence of incarceration. See <u>United States v. Lonich</u>, Case No. 14-cr-00139-SI-1, 2020 WL 2614874, at *3 (N.D. Cal. May 21, 2020) (denying motion despite COVID-19 outbreaks in the facility and defendant being 65 years old and having medical conditions that make him particularly vulnerable, because "the Court finds it significant that defendant[] ha[s] served far less than half of [his]

sentence[]"); United States v. Pawlowski, CRIMINAL ACTION No. 17-390-1, 2020 WL 2526523, *7 (E.D. Pa. May 18, 2020) (denying motion for compassionate release where defendant had "served only a small fraction of his sentence to date"); United States v. Brady, S2 18 Cr.316 (PAC), 2020 WL 2512100, at *4 (S.D.N.Y. May 15, 2020) (finding that despite defendant having serious medical conditions "[t]he deterrence objectives of 18 U.S.C. § 3553(a) would be undercut by a reduction here, where [defendant] has served . . . less than one quarter" of his sentence); United States v. Bogdanoff, CRIMINAL ACTION No. 12-CR-0190-1, 2020 WL 2307315, at *6 (E.D. Pa. May 8, 2020) (noting that defendant who had served only seven years of 18-year sentence had a "much different" case for compassionate release than "others where defendants are at the end of their sentence"); United States v. Hylander, Case No. 18-cr-60017-BLOOM, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (denying compassionate release where 66-year-old defendant had served one-third of sentence and suffered from a number of significant health conditions).[2]

---

[2] See also United States v. Arthur Williams, CRIMINAL ACTION NO. 15-10145-RGS, 2020 WL 3086049, at *1 (D. Mass. June 10, 2020) (denying in part because defendant had served less than half of his sentence); United States v. Brinkley, Criminal Case No. 12-80207-CR-Scola, 2020 WL 3051574, at *1 (S.D. Fla. June 7, 2020) ("Although [chronic bronchitis] may put him at a higher risk of contracting the a severe case of Covid-19, Brinkley's asthma is not at such an acute level as to warrant his release after serving less than 50% of his sentence"); United States v.

12

The court is very concerned about the spread of COVID-19 in the federal prison system. However, even if defendant's medical conditions place her at higher risk of complications if infected with the virus, there are <u>no</u> cases at FPC Alderson. The § 3553 factors also weigh against granting defendant's motion. An approximate 75 percent reduction in sentence would not reflect the seriousness of the offense, provide just punishment, be a sufficient deterrent to others in the community, and would result

---

<u>Colonna</u>, Case No. 18-cr-60012-BLOOM, 2020 WL 2839172, at *4 (S.D. Fla. June 1, 2020) (holding that a modification of defendant's sentence is unwarranted in part because defendant had served less than 25% of the sentence); <u>United States v. Linder</u>, Criminal Nos. 15-211, 19-053, 2020 WL 2793089, at *4 (W.D. Pa. May 29, 2020) (same); United States v. Singui, 2020 WL 2523114, at *5 (C.D. Cal. May 18, 2020) (same); <u>United States v. Alvarez</u>, Case No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *5 (S.D. Fla. May 21, 2020) (assuming defendant had satisfied exhaustion requirement, court would still deny compassionate release on § 3553(a) grounds because defendant had served less than 25% of his sentence); <u>United States v. Zamor</u>, Criminal Case No. 17-20353-CR-Scola, 2020 WL 2764282, at *2 (S.D. Fla. May 12, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence"); <u>United States v. Gamble</u>, No. 3:18-cr-0022-4(VLB), 2020 WL 1955338, at *4 (D. Conn. Apr. 23, 2020) (denying compassionate release where 47-year-old defendant had served five months of 92-month sentence and suffered from diabetes); <u>United States v. Moskop</u>, Case No. 11-CR-30077-SMY, 2020 WL 1862636, at *1 (S.D. Ill. Apr. 14, 2020) (denying compassionate release where 72-year-old defendant had served less than half of 240-month sentence and suffered from various significant risk-increasing medical conditions); <u>United States v. Haney</u>, 19-cr-541(JSR), 2020 WL 1821988, at *7 (S.D.N.Y. Apr. 13, 2020) (denying compassionate release for a 61-year-old prisoner whose release would reduce a 42-month sentence to nine months).

in unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a); see also United States v. Oropeza Lopez, No. 1:15-cr-00051-NONE-SKO, 2020 WL 1923194, at *2 (E.D. Cal. Apr. 21, 2020) ("Defendant has served less than half of his sentence [which] . . . would not appear to "reflect the seriousness of the offense" or "provide just punishment for the offense."); United States v. Edington, Criminal Case No. 19-cr-00174-REB-1, 2020 WL 2744140, at *5 (D. Colo. May 27, 2020) (concluding that, even if the court were to find the defendant was not a danger to the community, a "sentence of less than half the court originally imposed is [not] sufficient to further the goals of sentencing").  A sentence of 54 months imprisonment was necessary to achieve those goals and a reduction of the magnitude that defendant seeks runs counter to those objectives.  Even converting defendant's sentence to one of home confinement, when she has served so little time, would disserve these important § 3553(a) factors.

### III.

Having considered the entire record in this matter, including the parties' filings related to the instant motion, the court concludes that a sentence reduction would not serve the sentencing objectives of 18 U.S.C. § 3553(a).  Therefore, the court **DENIES** Eberbaugh's motion for compassionate release.

14

The Clerk is directed to send a copy of this Order to counsel of record, any unrepresented parties, and the Probation Office of this court.

It is SO ORDERED this 18th day of August, 2020.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge